No. 37.—HUNTINGTON & HOLCOMBE, plaintiffs in error, *vs.* DAN-
IEL McLEOD, defendant.

[1.] A claimant, who upon the question of *payment* of the execution levied
upon his property, has had the issue found against him, has no right to
come into Court subsequently and move to have the *fi. fa.* entered satis-
fied, and returned to the Clerk's office, in order to protect his land from
sale, which has been found subject.

Rule, in Dooly Superior Court.    Decided by Judge POWERS.
April Term, 1852.

This was a motion to have a *fi. fa.* returned to office satisfied.
The *fi. fa.* was in favor of Huntington & Holcombe *vs.* Daniel
McLeod; and it appeared by the statement of the attorney for
the motion, that the real party moving, was Irvin Bullock; who
it was shown, had been a claimant in a case in which the ques-
tion in issue was, whether or not this *fi. fa.* was still unsatisfied.

In the claim case, the Jury had found the property subject;
thereby determining that the *fi. fa.* was in force.    Bullock then
had made an affidavit of illegality, which at the term of Court,
he dismissed, and instituted the present proceeding, on which an
issue was submitted to the Jury, who found against the motion.

Whereupon counsel for the motion excepted to sundry rul-
ings of the Court.

HALL & HALL, LYON & CLARK, for plaintiffs in error.

WARREN, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In view of what the Court considers the legal merits of the
case made in this record, we deem it unnecessary to consider
any of the questions made in the bill of exceptions.

[1.] It is shown by the testimony of General Eli Warner,

the attorney of Irvin Bulloch, that the motion in this case, was made at his instance, and for his benefit. We recognize no right in Bulloch to make this motion. He had no *status* in Court which would authorize it; he had claimed property which had been levied on by this *fi. fa.* and the issue had been found against him; and on that trial it was proven that the execution was not satisfied, and so found by the Jury. To prevent the sale of the land, he again comes before the Court, and seeks the benefit of a second trial upon a point which had already been decided against him. Upon the fact being disclosed to the Court, that Bulloch was the movant in this rule, it was the duty of the presiding Judge, *ex mero motu,* to have dismissed it. And the cause is remanded with this instruction.